THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TEXNER LUTHER, aka NAHLICK,<br><br>Defendant. | CRIMINAL CASE NO. 21-00010<br><br>**ORDER SETTING ASIDE GUILTY PLEA** |

At the December 6, 2021 hearing, the court heard argument from the Government concerning the precedent for the charging of conduct similar to Defendant's. ECF No. 25. The court then ordered the Government to brief three issues – first, whether Defendant's conduct constituted "collection" as contemplated by the Endangered Species Act, second, whether the purposes of the Endangered Species Act are served by prosecuting an individual who possessed a dead member of a threatened species when there is no evidence that the individual participated in taking that member of the species, and third, whether the factual basis in the Amended Plea Agreement contains sufficient evidence as to each element of Possession of a Threatened Species in violation of 50 C.F.R. §§ 17.42(b)(1) & 223.205 and 16 U.S.C. §§ 1538(a)(1)(B) & (D) & 1540(b)(1). ECF No. 26. The Government timely filed its response. ECF No. 28.

1

As to the second issue, regarding the purposes of the Endangered Species Act, the Government's brief is well-taken. The court finds that stamping out the existence of a market for protected animal parts is an important interest served by the enforcement of the Endangered Species Act against purchasers as well as poachers. The facts before us are indeed relevant to that interest, especially as Juliano Manuel, the alleged poacher, caught the sea turtle in question because he was "struggling financially." *See* Resp. at 1–2, ECF No. 28. Poaching should not be a solution to financial problems.

As to the first issue, however, the court finds that the Government has misinterpreted the law. Section 1538(a)(1)(B) of the Endangered Species Act in relevant part says, "[W]ith respect to any endangered species of fish or wildlife listed pursuant to section 4 of this Act it is unlawful for any person subject to the jurisdiction of the United States to take any such species within the United States or the territorial sea of the United States." 16 U.S.C. § 1538(a)(1)(B). "Take" is specifically defined by 16 U.S.C. § 1532(19) as "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect." "Possess" is not included in the list of conduct that constitutes "taking." Neither is "purchase," "clean," "cook," or "consume." *See* Resp. at 6, ECF No. 28. The Government asserts that defendant did not "collect" the turtle. Resp. at 3–4, ECF No. 28. The court therefore finds that Defendant did not engage in any of the conduct listed in § 1532(19).

The Government's invocation of *Babbitt v. Sweet Home Chapter of Communities for a Great Oregon*, 515 U.S. 687 (1995) to show that Defendant "took" the turtle in question is unavailing. The method of "taking" at issue in *Babbitt* was conduct that would affect the habitat of *living* endangered species. *Babbitt*'s holding that "take" should be construed in "the broadest possible manner" applies to conduct that can indirectly, but tangibly, harm living protected fish or wildlife. *Babbitt*, 515 U.S. at 704. Meanwhile, "possessing" is prohibited completely independently under section 1538(a)(1)(D). *Babbitt* does not stand for the principle that "taking"

2

a protected species in violation of section 1538(a)(1)(B) can also be accomplished through the violation of any *other* provision of the Endangered Species Act.

As stated, possession is enumerated under a separate subsection of the Endangered Species Act, making it a separate offense. Even the Code of Federal Regulations confirm that "taking" and "possessing" are two distinct offenses. "Taking" is prohibited by 50 CFR § 17.21(c), "possessing" at section 17.21(d).[1] The following example is provided beneath subsection (d)(1):

> A person captures a whooping crane in Texas and gives it to a second person, who puts it in a closed van and drives thirty miles, to another location in Texas. The second person then gives the whooping crane to a third person, who is apprehended with the bird in his possession. All three have violated the law — the first by illegally taking the whooping crane; the second by transporting an illegally taken whooping crane; and the third by possessing an illegally taken whooping crane.

The first person and the third person have committed different offenses. Further, the canon against surplusage counsels this court to avoid interpreting non-overlapping provisions in such a way as to render them redundant. *See United States v. Collazo*, 984 F.3d 1308, 1326 (9th Cir. 2021) ("The canon against surplusage is strongest where [] an interpretation would render superfluous another part of the same statutory scheme.") (internal quotation omitted). As such, the court finds that, by possessing it, Defendant did not "take" the green sea turtle.

Nevertheless, Defendant was charged as though he *had* taken the green sea turtle. The information cites to 16 U.S.C. § 1538(a)(1)(B) in the caption and in the text of the document. *See* Information at 1, ECF No. 1. More importantly, the information explicitly says that Defendant "did unlawfully and knowingly *take*, possess, carry *and* transport" a green sea turtle. *Id.* Federal Rule of Criminal Procedure 7(c)(1) says,

> The [] information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . . For each count, the [] information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

---

[1] The information charges Defendant with violating 50 CFR § 17.42(b)(1). Section 17.42(b)(1) redirects to § 17.31(a), which in turn redirects to § 17.21.

3

The language of the information tracks the language of § 1538(a)(1)(B) and § 1538(a)(1)(B) is cited, constituting a charge of taking a threatened species.

Federal Rule of Criminal Procedure 7(c)(2) says, "Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the [] information." This is not the situation before the court. When ordered to explain their inclusion of § 1538(a)(1)(B), the Government did not say it had included it in error, or in an overabundance of caution. It instead claimed that "purchasing the dead turtle and consuming it unambiguously meets [the] definition" of "take." Resp. at 6, ECF No. 28.[2] As stated, this legal theory is not supported by the language of the statute.

Nevertheless, the parties formed a Rule 11(c)(1)(B) non-binding plea agreement. *See* Am. Plea Agreement at 9, ECF No. 14. This agreement again cited to both the taking and possessing provisions of the Endangered Species Act. However, it only discussed the elements of possession, and only provided a factual basis for *those* elements. *Id.* at 3–5. No part of the plea agreement, no discussion at the change of plea hearing, and no facts in the Presentence Investigative Report (ECF No. 18) provide a basis for a charge of taking a threatened species.

Normally, "if the defendant has entered into a Non-binding Sentence Agreement, the agreement becomes effective upon entry of the guilty plea; it does not require a formal acceptance or rejection by the district court." *United States v. Lopez*, 385 F.3d 245, 250 (2d Cir. 2004) (citing Fed. R. Crim. P. 11 Advisory Committee's note on 1979 amendments); *see also United States v. Rebaya*, 805 Fed. App'x 516, 517 (9th Cir. 2020) (citing same).

However, the court has not yet entered judgement on Defendant's guilty plea, as the entering of judgment occurs post-sentencing. *See* Fed. R. Crim. P. 32(k)(1). As such, the court may reject

---

[2] Similarly, Federal Rule of Criminal Procedure 7(e) allows for the amending of an information, but only before the defendant has been found guilty. It is therefore too late for an amendment under this Rule.

4

the plea at this time pursuant to Federal Rule of Criminal Procedure 11(b)(3) which requires that "before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." *See United States v. Partida-Parra*, 859 F.2d 629, 631–32 (9th Cir. 1988) (holding that Rule 11(b)(3), then called 11(f), "implies that acceptance of the guilty plea does not foreclose a subsequent rejection of the plea if factual questions emerge, for instance at sentencing"); *see also United States v. Ventura-Cruel*, 356 F.3d 55, 60–61 (1st Cir. 2003) (citing to *Partida-Parra* in upholding district's court rejection of plea due to lack of factual basis despite prior acceptance at change of plea hearing). That the Defendant intended to plead guilty to possession, and may not have considered the charge of taking, is irrelevant. "[T]he 'factual basis' does not refer to the plea negotiations or the parties' intent." *Id.*

The court finds that there is no evidence that Defendant participated in taking the green sea turtle. He admits to buying it when it was already dead, and then eating it. These are all acts that confirm possession, but not taking. The defect in the plea is not that Defendant's conduct did not constitute possession. It is that he has pled guilty to an information that *also* charges him with taking, a charge for which there is no factual basis.

The Advisory Committee's Note on the 1966 Amendments to Rule 11 say,

> The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the . . . information or an offense included therein to which the defendant has pleaded guilty. Such inquiry should, e.g., protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge. The normal consequence of a determination that there is not a factual basis for the plea would be for the court to set aside the plea and enter a plea of not guilty.

We have before us the exact situation specified in the Advisory Committee Notes. Defendant clearly does not realize that his conduct does not fall within the charge of "taking" a threatened

5

Case 1:21-cr-00010    Document 32    Filed 01/21/22    Page 5 of 6

species, or he would not have pled guilty to an information that charges him with it. Therefore, the court will do as the Advisory Committee Notes suggest and hereby sets aside the guilty plea.

The Government is ordered to alert the court how it has decided to proceed in this case by February 3, 2022 at noon.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Jan 21, 2022**